# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 99-31412
Summary Calendar

JACKLIN GERAC-OGASHI,

Plaintiff-Appellant,

versus

IBERIA MEDICAL CENTER, formerly
known as Iberia General Hospital,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:96-CV-1604

June 5, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jacklin Gerac-Ogashi appeals an adverse judgment following a trial on the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

merits.  For the reasons assigned, we affirm.

In 1996, Ogashi sued her former employer, Iberia General Hospital,[1] alleging that, in violation of Title VII, the Hospital had engaged in the following unlawful racially discriminatory acts: 1) wrongful discharge; 2) retaliation; 3) disparate treatment; 4) failure to promote; and 5) hostile environment.  After a three day bench trial, the court ruled in favor of the defendant.  Ogashi moved for a new trial and recusation of both the trial judge and defense counsel.  These motions were denied.  Ogashi timely appealed the final judgment and the denial of her post-trial motions.

Ogashi detailed a *prima facie* case of discrimination.  In response the Hospital was required to come forth with a legitimate, non-discriminatory reason for her termination.  It set forth evidence that Ogashi was terminated for abandoning her post, including a patient in need of care.  The burden then shifted to Ogashi to prove that the reasons proffered were pretextual and that the true reason for her termination was intentional discrimination.  The trial court determined that while Ogashi's termination was handled poorly and unprofessionally, it did not rise to the level of discrimination.  The court further found that the weight of the evidence clearly demonstrated that the hospital did not discriminate against Ogashi because of

---

[1]Iberia General Hospital has now become Iberia Medical Center.

her race.

Ogashi has pending before us a motion to supplement the record on appeal with transcripts and to authorize preparation of transcripts at government expense. At the outset, we note that Ogashi has twice before brought such a motion before this court in the case at bar. Both motions were denied. We again deny this motion, finding again that she has not been granted leave to proceed IFP, and she has not shown a need for the transcript. Ogashi was granted leave to supplement the record previously with various documents which were submitted below to support her motion for new trial and recusal. We find these documents and the remaining appellate record sufficient for our determination of the merits of this appeal. Accordingly, the motion to supplement the record and for a transcript at government expense is DENIED.

Our review of the appellate record, briefs of the parties, and relevant law persuades beyond peradventure that the trial court did not err in its judgment in favor of the defendant. Accordingly, based on the factual analysis and authorities cited in the Findings of Fact and Conclusions of Law issued by the trial court on July 9, 1999, the judgment is AFFIRMED.

After the judgment was issued, Ogashi moved for a new trial and recusation of both the trial judge and defense attorney. Again, our review of the appellate

3

record, briefs of the parties, and relevant law persuades that the trial court did not err in denying this motion. Accordingly, based on the factual analysis and legal authorities cited in the Memorandum Ruling issued on December 13, 1999, the denial of this motion is AFFIRMED.